Dear Mr. Freeman:
This opinion letter is in response to your predecessor's request for an answer to the following question:
 "Is the Division of Investigation, Department of Social Services a `criminal justice agency' as defined in Title 28, Chapter 1, Part 20 of the Code of Federal Regulations."
Title 28, Chapter 1, part 20.3(c) defines a criminal justice agency as:
 "1) Courts; 2) A government agency or subunit thereof which performs the administration of criminal justice pursuant to a statute or executive order and which allocates a substantial part of its budget to the administration of criminal justice."
Clearly, the Division of Investigation of the Department of Social Services is a subunit of a governmental agency and as you indicated, allocates a substantial part of its budget to detect welfare fraud. The question then is whether it performs the "administration of criminal justice pursuant to a statute or an executive order."
Title 28, Chapter 1, part 20.3(d) defines the administration of criminal justice as any of the following activities:
 ". . . detection, apprehension . . . prosecution, adjudication of accused persons or criminal offenders. The administration of criminal justice shall include criminal identification activities in the collection, storage and dissemination of criminal history record information."
As you have explained, the primary function of the Division of Investigation is to investigate and refer for prosecution instances of welfare fraud. Investigators gather evidence and interview suspects and witnesses and work closely with local prosecutors until the case has been adjudicated. Since these activities involve the "detection, apprehension, and prosecution of accused persons or criminal offenders," the Division of Investigation performs the administration of criminal justice within the meaning of Title 28, Chapter 1, part 20 of the Code of Federal Regulations. The only remaining question then is whether the Division of Investigation conducts its activities pursuant to a statute or an executive order.
The Department of Social Services was created pursuant to statute, § 13.1 of the Omnibus State Reorganization Act of 1974. Under that provision and § 191.050, RSMo, the Director of the Department of Social Services has the power to make "inquiries and investigations . . . as may be necessary in pursuance of his duties." While the Director of the Department of Social Services is not specifically directed by statute to investigate welfare fraud as defined in §§ 205.966 and 205.967, RSMo Supp. 1975, and §§ 570.030 through 570.050, V.A.M.S., he is directed by statute to administer the Department of Social Services in the best interest of its clients and in the most economical and efficient way. Since welfare fraud is neither economical nor in the best interest of the Department of Social Services' clients, any welfare fraud investigation by the Director of Social Services would be pursuant to his duties. It is therefore the opinion of this office that the investigations made by the Division of Investigation are made pursuant to statute.
Moreover, on May 17, 1978, the Governor of the State of Missouri approved the Department of Social Services' Plan which had been submitted pursuant to § 1.6(2) of the Omnibus State Reorganization Act of 1974. Such plan provides in part as follows:
 "The Division of Investigation shall have the following functions and duties:
 1. To have as its principal function the investigation, identification and collection of evidence for use in criminal prosecutions relating to alleged abuses, suspected frauds and other violations relating to programs administered by the Department of Social Services."
We find that this procedure falls within the meaning of executive order which is defined by Title 28, Chapter 1, part 20.3(h) as:
 "an order of the President of the United States or the Chief Executive of a state which has the force of law and which is published in a manner permitting regular public access thereto."
It is therefore the opinion of this office that the investigations made by the Division of Investigation are made pursuant to executive order. Therefore, the Division is a criminal justice agency within the meaning of Title 28, Chapter 1, part 20 of the Code of Federal Regulations.
Our conclusion is buttressed by the appendix to Title 28, Chapter 1, part 20 of the Code of Federal Regulations, wherein it states:
 "The definitions of criminal justice agency and administration of criminal justice of 20.3(c)(d) must be considered together. Included as criminal justice agencies would be traditional police, courts and correction agencies as well as subunits or noncriminal justice agencies performing a function of the administration of criminal justice pursuant to federal or state statutes or executive order. The above subunits of noncriminal justice agencies would include for example, the Office of Investigation of the U.S. Department of Agriculture which has as its principal function the collection of evidence for criminal prosecutions of fraud."
Since the Office of Investigation of the United States Department of Agriculture has responsibilities similar to the Division of Investigation of the Department of Social Services, it seems logical that the Division of Investigation of the Department of Social Services should be entitled to the status of a criminal justice agency.
Very truly yours,
 JOHN ASHCROFT Attorney General